IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL McCLENDON and
FELECIA McCLENDON,

    Plaintiffs,

v.                                                    CASE NO. 1:06-cv-00021-MP-AK

UNITED STATES OF AMERICA,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 14, Motion for Summary Judgment, filed by the Government. Plaintiffs bring this case under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2674, alleging that medical providers at the Gainesville VA Medical Center negligently treated Plaintiff Daniel McClendon, and that as a result he contracted an iatrogenic infection by Staphylococcus Aureus. In the motion for summary judgment, Defendant states that Plaintiffs have failed to disclose an expert opinion as to the prevailing medical standard of care, and therefore summary judgment is appropriate since Plaintiffs have not met their burden of proof.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In determining the existence of a genuine issue of material fact, the Court views the facts in a light favorable to the non-moving party, with the moving party bearing the burden of demonstrating the lack of a genuine issue. If the movant successfully discharges this burden, the burden then

shifts to the non-movant to establish, by going beyond the pleadings, the existence of a genuine issue of material fact.  Matsushita Electric Industrial Co. v. Zenith Radio Corp. 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991).  An issue of material fact is genuine if the evidence in the record would allow a reasonable jury to return a verdict for the non-moving party.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed. 2D 202 (1986).  If a non-moving party bears the burden of proof at trial, the moving party is entitled to summary judgment by showing that the non-moving party cannot prove an essential element of their cause of action through the admissible evidence in the record.  As explained by the Supreme Court for the United States:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  The purpose of the Court in deciding a summary judgment motion is not to decide issues of material fact, but rather to determine whether such issues exist to be tried.

In this case, because the alleged malpractice occurred in Gainesville, Florida, the law of Florida defines the essential elements of the cause of action–standard of care, breach, and causation.  Defendant argues that Plaintiffs have failed to establish the first element of their cause of action , the "prevailing professional standard of care," which under Florida law is defined as "that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate for reasonably prudent similar heath

care providers." Chapter 766.102, Florida Statutes. Because the alleged breach is not within the ken of persons of common experience, Defendant states that expert testimony establishing the prevailing professional standard of care is an essential element of Plaintiffs' *prima facie* case of medical negligence. The Court agrees. The crucial first step in Plaintiffs' case was establishing the professional standard of care in order to then show a breach of that standard. Without expert testimony defining this standard of care, there is no genuine issue as to any material fact, since Plaintiffs have failed to offer proof an essential element of their case. Therefore, Defendant's Motion for Summary Judgment must be granted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion for Summary Judgment, Doc. 14, is granted, and this case is dismissed.

**DONE AND ORDERED** this *20th* day of June, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge